JOHN D PUCHNER,

                Petitioner,

v.                                                   Case No. 23-cv-0505-bhl

WAUKESHA COUNTY JAIL, et al,

                Respondents.

## SCREENING ORDER

        On April 19, 2023, petitioner John D. Puchner, a pretrial detainee currently incarcerated at the Waukesha County Huber Facility, filed a petition for a writ of habeas corpus under 28 U.S.C. §2241. (ECF No. 1.) Over the next several days, he also filed what he called a "Motion for Indigency, Motion to Stay, Rejection of Magistrate, Memorandum Concerning Successive Cases, and New Claim" as well as a Motion for Leave to Proceed Without Prepayment of the Filing Fee. (ECF Nos. 3 & 4.) Based on his submissions, the Court finds that Puchner lacks sufficient funds to pay the $5.00 filing fee. Accordingly, the Court will grant his motion for leave to proceed without prepayment of the filing fee and allow him to proceed *in forma pauperis*. In light of this Order, his other motion is denied as moot.

        Indigency established, the Court must next screen Puchner's habeas petition for viability pursuant to Rule 4 of the Rules Governing §2254 Cases,[1] which provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases allows district courts to apply the same rules to Section 2241 cases. ("The district court may apply any or all of these rules to . . . habeas corpus petition[s] [not filed pursuant to Section 2254 and Rule 1(a) of the Rules Governing Section 2254 Cases]."). *See, e.g.*, *Bradley v. Fuchs*, No. 21-CV-49-JDP, 2021 WL 1946408, at n.2 (W.D. Wis. Apr. 27, 2021) (citing *Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006)) (construing a petition for writ of habeas corpus improperly brought under Section 2254 as having been brought under Section 2241 and conducting a preliminary review pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases).

> to file an answer, motion, or other response within a fixed time, or
> to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. Puchner's petition does not make this an easy task. He incorporates pages-long digressions and makes facially frivolous requests. But there is a possible rose worth plucking from this thicket. But first the thicket must be pruned.

Puchner names six respondents: Waukesha County Jail, Eric Severson, Chief U.S. District Judge Pamela Pepper, U.S. District Judge J.P. Stadtmueller, U.S. District Judge Lynn Adelman, and U.S. District Judge William Griesbach. (ECF No. 1 at 1.) The claims against all but one must be dismissed. As the Supreme Court has explained "there is generally only one proper respondent to a . . . habeas petition[:] . . . 'the person who has custody over the petitioner.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting 28 U.S.C. §2242). Under this teaching, Puchner's claims should be addressed to Sheriff Eric Severson alone. *See Reimnitz v. State's Att'y of Cook Cnty.*, 761 F.2d 405, 409 (7th Cir. 1985). Puchner does not allege any plausible claims against the four judges he has named, and, in any event, each enjoys absolute immunity for actions taken in their judicial roles. *See Wilson v. Kelkhoff*, 86 F.3d 1438, 1443 (7th Cir. 1996); *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). His naming of the Waukesha County Jail is also improper because a jail not a "person" who has custody over Puchner. *See Crites v. Madison Cnty. Jail*, No. 18-cv-611-DRH, 2018 WL 1832919, at *2 (S.D. Ill. Apr. 17, 2018) (A jail "is not a proper respondent in a habeas action."). For these reasons, the claims against the judges and jail will be dismissed.

With the proper respondent identified, the Court turns to the merits. Puchner has not made sifting through them simple. He offers fragments of the procedural history that led to his incarceration but does not paint a clear or complete picture. He does, however, emphasize that he is *not* in custody based on any criminal conviction. (ECF No. 1 at 1-2.) That curious fact is confirmed by a review of the docket from his state court proceedings on the Wisconsin Consolidated Court Automation Programs (CCAP). According to CCAP, Puchner is being held

pursuant to a court-imposed sentence for civil contempt, stemming from his failure to pay child support.[2]

He challenges his custody on four grounds, three of which are plainly not proper bases for habeas relief. Puchner's first ground states: "I had a heart attack treated with a stent on narcs, bleeding leg, over phone from ICU I was forced to swear in and make argument." (*Id.* at 6.) This sounds like a grievance, but not one a federal court can address in habeas proceedings. The same goes for his second ground, an alleged error of state law for which "federal habeas corpus relief does not lie." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citation omitted). Puchner's third ground claims that the judge who held him in contempt violated a 26-year-old ruling from this Court, *Puchner v. Kruzicki*, 918 F. Supp. 1271 (E.D. Wis. 1996). (ECF No. 1 at 6.) In that 1996 case, Puchner won federal habeas relief based on the Wisconsin state courts' refusal to allow him to appear and explain his inability to purge himself of contempt conditions. *Kruzicki*, 918 F. Supp. at 1279-1280. But *Kruzicki* did not immunize Puchner from contempt in any future proceedings. There is no connection between the writ granted in *Kruzicki* and Puchner's current predicament. As a result, the *Kruzicki* decision cannot form the basis for habeas relief here.

Puchner's final ground is potentially different. He asserts that the Wisconsin state courts violated his Sixth Amendment rights when they sentenced him without an attorney or a trial. (ECF No. 1 at 7.) This ground has at least some plausible merit. A federal court may grant habeas relief to a state prisoner only upon a showing that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). A Sixth Amendment violation would qualify. And on the record before it, the Court cannot rule out entirely the possibility that the Wisconsin state courts have incarcerated Puchner in violation of that amendment. Indeed, Puchner filed a habeas petition along these same lines just last year. (22-cv-0891-WCG, ECF No. 1.) That petition was dubbed premature because Puchner had not exhausted the state court remedies available to him. (22-cv-0891-WCG, ECF No. 36 at 4.) But the Court noted the probable presence of constitutional problems on the merits. It posited that "the circuit court may have confused civil and criminal contempt" and inadvertently imposed the latter. (*Id.*) To do so "without the right to trial by jury and to counsel would seem to clearly violate the Sixth and

---

[2] *In re the Marriage of Marya L Puchner and John D Puchner*, Wisconsin Circuit Court Access, https://wcca.wicourts.gov/caseDetail.html?caseNo=2019FA000089&countyNo=67&index=0 (last visited May 3, 2023).

Fourteenth Amendments." (*Id.*) Indeed, the constitutional right to trial by jury applies to criminal contempt cases. *See Bloom v. State of Illinois*, 391 U.S. 194, 208 (1968). As does the right to counsel. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826 (1994). In short, Puchner may have a point.

That said, a district court cannot address the merits of a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). This Court rejected Puchner's previous attempt at habeas relief because of his failure to exhaust. (22-cv-0891-WCG, ECF No. 36.) Eight months have elapsed since then, but it is not obvious whether that defect has been corrected in the interim. Puchner suggests it has. He attached to his petition a printed copy of a CCAP search showing "25 losing cases" before the Wisconsin Court of Appeals and Supreme Court. (ECF No. 1-1 at 1.) Whether these cases properly raised the constitutional issues now under consideration is hard, if not impossible, to decipher. Indeed, Puchner's CCAP docket sheet may be more confusing than his habeas petition. Regardless, the Court cannot conclude that it "plainly appear[s]" Puchner is not entitled to relief in this Court. The Court will, therefore, allow Puchner's claim to go forward and order service of process. Respondent may then either answer the petition, or move to dismiss, perhaps on grounds that Puchner has still not exhausted his state remedies.

**IT IS HEREBY ORDERED** that Puchner's Motion for Indigency, Motion to Stay, Rejection of Magistrate, Memorandum Concerning Successive Cases, and New Claim, (ECF No. 3), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Puchner's Motion for Leave to Proceed Without Prepayment of the Filing Fee, (ECF No. 4), is **GRANTED**.

**IT IS FURTHER ORDERED** that Puchner's claims against Respondents Waukesha County Jail, Pamela Pepper, J.P. Stadtmueller, Lynn Adelman, and William Griesbach are summarily **DISMISSED**.

**IT IS FURTHER ORDERED** that only Puchner's Sixth Amendment claims against Sheriff Severson remain. All other claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that within 60 days of the date of this order, Respondent shall either answer the petition, complying with Rule 5 of the Rules Governing §2254 Cases, or file a dispositive motion.

If the respondent files an <u>answer</u> to the petition, **IT IS FURTHER ORDERED** that:

1. Petitioner shall have **45 days** following the filing of respondent's answer within which to file his brief in support of his petition.
2. Respondent shall have **45 days** following the filing of petitioner's initial brief within which to file a brief in opposition.
3. Petitioner shall have **30 days** following the filing of the respondent's opposition brief within which to file a reply brief, if any.

If the respondent files a <u>dispositive motion</u> and supporting brief in lieu of an answer, **IT IS FURTHER ORDERED** that:

1. Petitioner shall have **45 days** following the filing of respondent's motion within which to file a brief in opposition.
2. Respondent shall have **30 days** following the filing of petitioner's opposition brief within which to file a reply brief, if any.

**IT IS FURTHER ORDERED** that Civil L. R. 7(f) applies to the parties' submissions and the petitioner shall send copies of all future correspondence or filings with the court to counsel for the respondent.

**IT IS FURTHER ORDERED** that a copy of Puchner's Petition and this Order shall be mailed by first class mail to the Waukesha County Corporation Counsel and the Waukesha County Sheriff Eric Severson.

Dated at Milwaukee, Wisconsin on May 3, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge