UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN D PUCHNER,

              Petitioner,

v.                                                      Case No. 23-cv-0505-bhl

WAUKESHA COUNTY JAIL, et al,

              Respondents.

## ORDER GRANTING MOTION TO DISMISS

        On April 19, 2023, petitioner John D. Puchner, a pretrial detainee currently incarcerated at the Waukesha County Huber Facility, filed a petition for a writ of habeas corpus under 28 U.S.C. §2241. (ECF No. 1.) On May 3, 2023, the Court screened Puchner's petition, granted his motion for leave to proceed without prepayment of the filing fee, and permitted him to advance a claim under the Sixth Amendment. (ECF No. 6.) As the Court noted, it appeared that the Wisconsin state courts may have held Puchner in criminal contempt and imposed a penalty greater than one year in custody without affording him either counsel or a trial by jury. (*Id.* at 3-4.) That would implicate his Sixth Amendment rights. *See Bloom v. State of Illinois*, 391 U.S. 194, 208 (1968); *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826 (1994). But the Court also expressed uncertainty as to the status of Puchner's exhaustion efforts. (ECF No. 6 at 4.) The online records from Puchner's state court proceedings, including appeals, were a thicket of motions and other filings, making it difficult to confirm whether Puchner had properly presented this issue in the state court system. Accordingly, Respondent was ordered to answer the petition, but the Court also suggested a motion to dismiss on exhaustion grounds might be warranted. (*Id.*) Respondent took the latter option. On July 3, 2023, he filed a motion to dismiss supported by a brief that untangled the morass of Puchner's state court filings. (ECF No. 24.) Puchner responded one week later with a one-page brief that did not address the question of exhaustion at all. (ECF No. 27.) Because it is now evident that Puchner has not exhausted his state remedies, Respondent's motion to dismiss will be granted.

# BACKGROUND

Puchner is incarcerated pursuant to a Contempt Order issued in his state-court divorce case, *In re the Marriage of Marya L Puchner and John D Puchner*, Case No. 2019FA000089. (ECF No. 24 at 2.) The Order, dated March 28, 2022, found Puchner in contempt of court for his "willful and contemptuous" "failure to pay child support", "failure to pay arrears", "failure to make payments towards [his spouse's] attorney's fees", "failure to pay [his spouse's] stimulus funds", "failure to notify [his spouse] of a substantial change in income", and violation of the court's work release order. (ECF No. 25-3 at 1-2.) As a sanction, the court imposed six consecutive sentences, totaling 24 months and 14 days. (*Id.*) But the court stayed the sentences until May 10, 2022 to allow Puchner a chance to comply with certain purge conditions, also enumerated within the Contempt Order. (*Id.* at 2.) After receiving the Contempt Order, but prior to his purge deadline, Puchner moved for reconsideration and clarification. The court denied both motions on April 4, 2022. (ECF No. 25 at 2.)

On May 11, 2022, the circuit court extended the purge deadline to June 30, 2022, noting Puchner's compliance. (ECF No. 25-4 at 1.) But on July 1, 2022, the court issued an order finding that Puchner had not satisfied the purge conditions and directed him "to report to the Waukesha County Sheriff's Department forthwith to begin serving his contempt sentences." (ECF No. 25-5 at 1.) A bench warrant issued, and on July 5, 2022, Puchner was arrested and booked. (ECF No. 24 at 2.) While incarcerated, Puchner asked the court to stay his sentence and find that he had met his purge conditions. (*Id.* at 3.) On July 27, 2022, the court denied the request for a stay and reaffirmed that Puchner's purge conditions remained unsatisfied. (ECF No. 25-6 at 1.)

Puchner then appealed "from all orders of the court," including (1) the April 4 order denying his motions for reconsideration and clarification; (2) the May 11 order extending his purge deadline; (3) the July 1 order finding he had not satisfied his purge conditions; and (4) the July 27 order denying his request for a stay and finding his purge conditions still not met. (ECF No. 25-1.) On September 7, 2022, the Wisconsin Court of Appeals held the April 4 order was outside the scope of Puchner's appeal but allowed the balance of the appeal to proceed. (ECF No. 25-2.) The appeal remains pending, though it "is currently on hold so that [Puchner] can pursue an appeal of the denial of his motion to waive transcript fees." (ECF No. 25-10 at 1.) According to online records, the appeal is also just one of the 17 separate appeals that Puchner has filed since 2021. Most, if not all, of these appeals appear to have served more than anything else simply to delay

exhaustion of the one case that could entitle Puchner to federal habeas relief, and thus he has no one but himself to blame for this interregnum.

## LEGAL STANDARD

With limited exceptions, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(b)(1)(A), a federal district court cannot grant a writ of habeas corpus unless the petitioner "has exhausted the remedies available in the courts of the State" that holds him in custody. If a petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). This exhaustion "requirement serves AEDPA's goal of promoting 'comity, finality, and federalism,' by giving state courts 'the first opportunity to review the claim,' and to 'correct' any 'constitutional violation in the first instance.'" *Carey v. Saffold*, 536 U.S. 214, 220 (2002) (quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)).

## ANALYSIS

The question in this case is whether Puchner, "a person in custody pursuant to the judgment of a [Wisconsin] State court," has "exhausted the remedies available" in those courts. 28 U.S.C. § 2254(b)(1)(A). The answer is straightforwardly "no." In fact, Puchner appears to have advanced no further than he had the last time this Court dismissed one of his habeas petitions on exhaustion grounds. (*See* 22-cv-0891-WCG, ECF No. 36.) At that time, "Puchner's appeal challenging his sentence in the Waukesha County Jail for civil contempt [was] still ongoing" before the Wisconsin Court of Appeals. (*Id.* at 4.) As of today, none of that has changed. Puchner does not suggest otherwise but instead takes umbrage at the State blaming him for his lethargic appeal and infers that it wants him to "file[] more documents." (ECF No. 27 at 1.) But if anything, the State is suggesting he do *less*. His habit of filing unnecessary papers has only prolonged the litigation and delayed resolution of his claims. Indeed, his tactic of trying to overwhelm his adversary (and the court) with additional filings has carried over into this federal case. And as this Court previously warned him, such filings do not help his cause; they simply distract from the real issues at hand. All the tangential appeals in the world will not get Puchner any closer to habeas relief. Only completion of the appeal he commenced on August 3, 2022 can do that. Unfortunately, he has chosen to stay that appeal while he pursues others irrelevant to the habeas case that he wants to

bring in federal court. Thus, because he has not exhausted available State-court remedies with respect to the rights he seeks to vindicate through habeas, Puchner's petition must be denied.

The denial of his petition likely moots Puchner's many requests for interim relief. While awaiting Respondent's motion to dismiss, Puchner filed nine motions, mostly reasserting arguments the Court had already rejected. (ECF Nos. 7, 10, 14-15, 18, 20-21, 23-24, 26.) He has filed two more since. (ECF Nos. 29 & 30.) The Court denied the first two motions as moot and "encouraged Puchner to be patient and refrain from filing additional papers inconsistent with the briefing schedule set in the Court's Screening Order." (ECF No. 11 at 1.) This encouragement fell on deaf ears. The Clerk's Office has admirably attempted to interpret and docket Puchner's filings under viable headings (*e.g.*, "Motion to Modify Complaint" and "Motion for Contempt"), but the reality is they are nearly all essentially incomprehensible. They malign renowned philosophers, (ECF No. 15 at 2), recount playing poker with the late Judge Rudolph T. Randa, (ECF No. 14 at 1), and announce plans to open a nightclub designed to resemble the Huber facility where Puchner is currently incarcerated. (ECF No. 20-1 at 6.) Though they vary greatly in scope and subject matter, none warrant relief. As a result, the pending motions will be denied as moot, meritless, and, in many cases, frivolous.

Finally, in his brief in support of his motion to dismiss, Sheriff Severson notes that "[t]his is now the second time [he] has been compelled to respond to a habeas petition filed by Puchner based upon the same state family court contempt sentences." (ECF No. 24 at 6.) But while he "currently has custody of Puchner . . . and therefore is an appropriately named respondent," he "was not a party to the Divorce Action and does not have easy access to the record in the circuit court or the court of appeals, let alone any interest in the orders being challenged." (*Id.*) And he "has no position and takes no position on Puchner's substantive allegations." (*Id.*) For these reasons, he argues "it would be much more appropriate for the state attorney general, through the department of justice, to respond substantively to [] Puchner's habeas petition should the Court allow the petition to proceed." (*Id.* at 7.) Under Rule 4 of the Rules Governing Section 2254 Cases: "In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved." In this instance, the Court directed the clerk to serve Sheriff Severson (the proper respondent) and the Waukesha County Corporation Counsel, who is tasked by state law with representing him. (ECF No. 6 at 5.) This seemed the correct course under Rule 4. Sheriff Severson complains that neither he, nor the

Waukesha County Corporation Counsel, has any interest in defending the Contempt Order responsible for Puchner's incarceration. And even if they did, neither has easy access to the documents necessary to defend that order anyway. Sheriff Severson thus claims the "appropriate officer" under Rule 4 is the state attorney general, who has both a more compelling interest in the challenged proceeding and the ability to substantively address the challenge itself. The Court notes that both Sheriff Severson (undisputedly the proper respondent) and the Corporation Counsel would be well within their rights to notify the attorney general themselves and ask him to take over defense of the petition. In any event, this Court will direct the clerk to serve this order on the state attorney general, anticipating the possibility of an appeal. The Court will also direct the clerk to serve the state attorney general through the department of justice with any future habeas petitions Puchner files that survive screening.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Puchner's Petition for a Writ of Habeas Corpus, (ECF No. 1), is **DENIED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Puchner's pending motions, (ECF Nos. 7, 10, 14, 15, 18, 20, 21, 23, 24, 26, 29, and 30), are **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE** because the Court does not find that any reasonable jurist could debate the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** that a copy of Puchner's Petition, (ECF No. 1), the Court's Screening Order, (ECF No. 6), and this Order shall be sent today to the Attorney General for the State of Wisconsin, pursuant to the Memorandum of Understanding between the Attorney General and this Court.

Dated at Milwaukee, Wisconsin on August 1, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge