UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN D PUCHNER,

              Petitioner,

v.                                                                                Case No. 23-cv-0505-bhl

WAUKESHA COUNTY JAIL, et al,

              Respondents.

## ORDER DENYING MOTION

        On April 19, 2023, petitioner John D. Puchner, a pretrial detainee incarcerated at the Waukesha County Huber Facility, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Several months later, on August 1, 2023, the Court granted Respondents' motion to dismiss after they demonstrated from the state court record that Puchner had not exhausted his state remedies. (ECF No. 32.) The Court then entered judgment that same day. (ECF No. 33.) Since then, Puchner has filed two post judgment motions, both of which the Court has denied. (ECF Nos. 34, 41, 42, 44.) The Seventh Circuit also denied Puchner's certificate of appealability request on November 15, 2023. (ECF No. 43.)

        Undeterred, on May 17, 2024, Puchner filed an "EMERGENCY MOTION CORAM NOBIS INCORPORATING KOREMATSU 1 STUNNING NEW EVIDENCE." (ECF No. 45.) He requests the Court "[e]mergently open the above captioned case" because the Wisconsin Court of Appeals issued a new order on May 1, 2024 in his case. (*Id.* at 1.) The court of appeals' May 1st order summarily affirmed the circuit court's denial of Puchner's petition to waive transcript fees in his ongoing family law proceedings with his former wife. (*Id.* at 2–4.)

        Puchner's coram nobis petition is not an appropriate request for relief in his civil habeas case. "'The writ of coram nobis is an ancient common-law remedy' originally 'designed to correct errors of fact.'" *United States v. Wilkozek*, 822 F.3d 364, 368 (7th Cir. 2016) (quoting *United States v. Denedo*, 556 U.S. 904, 913 (2009)). It is a collateral attack on a criminal judgment that is "considered simply another 'step in the criminal case and not, like habeas corpus, the beginning of a separate civil proceeding.'" *Id.* (quoting *United States v. Morgan*, 346 U.S. 502, 505 n.4

(1954)). The writ is limited to former prisoners; a state prisoner still in custody must seek relief under 28 U.S.C. § 2254. *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000). Federal Rule of Civil Procedure 60(e) has explicitly abolished the writ of coram nobis in civil proceedings. Because Puchner's case is not criminal, and because he is still (for the time being) incarcerated, he cannot bring a coram nobis petition. Moreover, and in any event, the Wisconsin Court of Appeals' summary disposition affirming the circuit court's ruling on Puchner's transcript fees is completely unrelated to this Court's prior judgment. The Court dismissed Puchner's habeas petition because Puchner did not exhaust his state-court remedies in challenging his sentence in the Waukesha County Jail for civil contempt. (*See* ECF No. 32 at 3.) The state court of appeals' decision does not change that analysis.

The Seventh Circuit has denied Puchner's certificate of appealability in this case and this Court has now denied three post-judgment motions. Moving forward, the Court will consider responding to further frivolous motions in this case with monetary sanctions.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Puchner's Coram Nobis motion, ECF No. 45, is **DENIED**.

Dated at Milwaukee, Wisconsin on May 20, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge